United States District Court
Southern District of Texas
**ENTERED**
April 30, 2020
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KEVIN WILLIAMS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-19-1537 |
| | § | |
| FIDELITY WARRANTY SERVICES, | § | |
| INC., | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Kevin Williams ("Plaintiff") brings this action against defendant Fidelity Warranty Services, Inc. ("Defendant") for state law claims based on the denial of an insurance claim.[1] Pending before the court is Defendant Fidelity Warranty Services, Inc.'s Opposed Motion to Compel Arbitration and Motion to Dismiss ("Motion to Compel Arbitration") (Docket Entry No. 17). For the reasons stated below, the court will grant the motion.

I. **Factual and Procedural Background**

Plaintiff purchased a vehicle warranty insurance policy from Defendant.[2] On November 13, 2017, Plaintiff signed a "MaxCare

---

[1]Original Petition for Damages ("Original Petition"), Exhibit A to Defendant's Notice of Removal, Docket Entry No. 1-1, pp. 7-9.

[2]Id. at 6 ¶ 6.

Service Contract."[3] The contract contains a dispute resolution clause that states:

> This Service Contract requires binding arbitration if there is an unresolved dispute between You and Us concerning this Service Contract (including the Cost of, lack of or actual repair or replacement arising from a Breakdown). Under this Arbitration provision, You give up Your right to resolve any dispute arising from this Service Contract by a judge and/or a jury.[4]

In March of 2018 Plaintiff filed a claim under the policy that was denied.[5]

On February 21, 2019, Plaintiff filed this action in state court alleging breach of contract and statutory claims under the Texas Insurance Code and Texas Deceptive Trade Practices Act ("DTPA").[6] Defendant removed the action to this court on April 26, 2019.[7] On June 20, 2019, the court abated the action and ordered Plaintiff to send pre-suit notices to Defendant as required under the Texas Insurance Code and DTPA.[8] On September 4, 2019, Defendant filed a motion to reinstate the case and to dismiss it for Plaintiff's failure to provide pre-suit notice in accordance

---

[3]MaxCare Service Contract, Exhibit A-1 to Motion to Compel Arbitration, Docket Entry No. 17-2, p. 2.

[4]Id. at 7 ¶ 7.

[5]Original Petition, Exhibit A to Defendant's Notice of Removal, Docket Entry No. 1-1, p. 7 ¶ 7.

[6]Id. at 5, 7-9.

[7]Defendant's Notice of Removal, Docket Entry No. 1.

[8]Order Granting Plea to Abate, Docket Entry No. 6.

with the court's Order.⁹  On September 20, 2019, the court granted the motion to reinstate and denied the motion to dismiss.¹⁰  On October 10, 2019, Defendant filed its Motion to Compel Arbitration.¹¹  Plaintiff responded on October 30, 2019,¹² and Defendant replied on November 4, 2019.¹³

## II.  Analysis

Defendant argues that because Plaintiff signed the MaxCare Service Contract, which requires arbitration of "any and all disputes arising" from it, the court should dismiss this action and compel arbitration.¹⁴  Plaintiff does not dispute the validity or applicability of the arbitration clause but argues that Defendant has waived its right to demand arbitration through its pretrial litigation conduct.¹⁵

Waiver of a right to compel arbitration occurs when (1) the party seeking to enforce arbitration has substantially invoked the

---

⁹Defendant's Motion to Reinstate and Motion to Dismiss ("Motion to Reinstate"), Docket Entry No. 8, p. 3.

¹⁰Hearing Minutes and Order, Docket Entry No. 15.

¹¹Motion to Compel Arbitration, Docket Entry No. 17.

¹²Plaintiff's Opposition to Defendant's Motion to Compel Arbitration and for Dismissal ("Plaintiff's Response"), Docket Entry No. 18.

¹³Defendant Fidelity Warranty Services, Inc.'s Reply in Support of Motion to Compel Arbitration and Motion to Dismiss ("Defendant's Reply"), Docket Entry No. 19.

¹⁴Motion to Compel Arbitration, Docket Entry No. 17, pp. 1-2.

¹⁵Plaintiff's Response, Docket Entry No. 18, pp. 1-2.

judicial process and (2) thereby prejudiced the resisting party. Nicholas v. KBR, Inc., 565 F.3d 904, 907 (5th Cir. 2009). There is a presumption against a finding of waiver of arbitration. Miller Brewing Co. v Fort Worth Distributing Co., Inc., 781 F.2d 494, 496 (5th Cir. 1986). As such, "[t]he burden on one seeking to prove a waiver of arbitration is a heavy one." Sibley v. Tandy Corp., 543 F.2d 540, 542 (5th Cir. 1976).

Plaintiff argues that Defendant has substantially invoked the judicial process because of the following pretrial actions: (1) removal of the case to federal court, (2) filing its motion to abate, (3) filing its motion to reinstate and dismiss, (3) participating in a pretrial conference, (4) preparing and filing a Rule 26(f) report, and (5) appearing before the court for the initial conference.[16] But activity before a court is not necessarily inconsistent with an intent to arbitrate, even if initiated by the party who later seeks to enforce arbitration. See Nicholas, 565 F.3d at 908. Invocation of judicial process means a party "'must, at the very least, engage in some overt act in court that evinces a desire to resolve the arbitrable dispute through litigation rather than arbitration.'" Petroleum Pipe Americas Corp. v. Jindal Saw, Ltd. 575 F.3d 476, 480 (5th Cir. 2009). For example, a party that seeks a decision on the merits before attempting to arbitrate waives arbitration. Id.

---

[16] Id. at 2.

In <u>Williams v. Cigna Financial Advisors, Inc.</u>, 56 F.3d 656 (5th Cir. 1995), the defendant moved to compel arbitration after it "removed the action to federal court, filed a motion to dismiss, filed a motion to stay proceedings, answered Williams' complaint, asserted a counterclaim, and exchanged Rule 26 discovery." 56 F.3d at 661. The Fifth Circuit held that these actions were not a substantial invocation of the judicial process. <u>Id.</u> at 662. Likewise, Defendant's early-stage activities of removing the case, participating in conferences, filing motions to abate and reinstate, and preparing a Rule 26(f) report are not substantial invocation of the judicial process.

A motion to dismiss that requires a decision on the merits will typically be a substantial invocation of judicial process. <u>See In re Mirant Corp.</u>, 613 F.3d 584, 590-91 (5th Cir. 2010). In contrast, a "perfunctory motion to dismiss" before an answer is filed typically is not. <u>See In re Mirant Corp.</u>, 613 F.3d at 589; <u>Price v. Drexel Burnham Lambert, Inc.</u>, 791 F.2d 1156, 1162 (5th Cir. 1986). Defendant's motion to dismiss alleged no substantive grounds for dismissal of Plaintiff's claim — it relied solely on Plaintiff's alleged failure to comply with the court's order to provide statutory pre-suit notice.[17] Defendant's motion to dismiss was not a substantial invocation of judicial process because it did not seek adjudication of Plaintiff's claim or any defense thereto

---

[17]Motion to Reinstate, Docket Entry No. 8, p. 3.

on the merits.  Cf., In re Mirant, 613 F.3d at 589 (holding that seeking dismissal on an affirmative defense was more than a "'perfunctory motion[] to dismiss'" because it "'admitt[ed] the initial sufficiency and completeness of the claim while asserting other grounds for avoiding the normal consequences of that concession'" (internal quotations omitted)).  Plaintiff has not met its burden to demonstrate that Defendant substantially invoked judicial process.

Even if Defendant had substantially invoked judicial process in a manner inconsistent with arbitration, Plaintiff has not demonstrated that he has been prejudiced by Defendant's actions. Plaintiff argues, without evidence or explanation, that he is prejudiced because arbitration will cost more and take longer than litigation before the court.[18]  But proving prejudice based on expense and delay requires a showing of unfairness "'that occurs when the party's opponent forces it to litigate an issue and later seeks to arbitrate the same issue.'"  See Republic Insurance Co. v. PAICO Receivables, LLC, 383 F.3d 341, 346 (5th Cir. 2004).

The court looks to three nonexclusive factors to determine whether Plaintiff was prejudiced:  "(1) whether discovery occurred relating to arbitrable claims; (2) the time and expense incurred in defending against a motion for summary judgment; and (3) a party's failure to timely assert its right to arbitrate."  Petroleum Pipe,

---

[18]Plaintiff's Response, Docket Entry No. 18, p. 2.

575 F.3d at 480. The first factor weighs against a finding of prejudice because no written discovery has yet occurred in this action. The second factor weighs against a finding of prejudice because there has been no motion for summary judgment or motion to dismiss on the merits. The third factor weighs against a finding of prejudice because Defendant's Notice of Removal "specifically reserves[] the right to compel arbitration," which announced Defendant's intent to enforce arbitration.[19] Defendant filed its Motion to Compel Arbitration less than six months after removing the case, including three months when the case was abated.[20] Plaintiff cites no authority that moving to compel arbitration on this schedule represents a prejudicial delay. Plaintiff's naked assertions that arbitration will result in added expense and delay do not overcome the weight of the three factors that all point to no finding of prejudice. Nor has Plaintiff identified any other factor that would show unfairness. The court concludes that Defendant has not waived its right to compel arbitration.

Because a valid arbitration agreement exists, Plaintiff's claims fall within its scope, and Defendant has not waived arbitration, Defendant's Motion to Compel Arbitration will be

---

[19] Defendant's Notice of Removal, Docket Entry No. 1, p. 4 ¶ 17.

[20] See id. (filed April 26, 2019); Order Granting Motion to Abate, Docket Entry No. 6 (filed June 20, 2019); Hearing Minutes and Order, Docket Entry No. 15 (granting Defendant's Motion to Reinstate on September 20, 2019).

granted. When all parties in an action are bound by an agreement to arbitrate, the court has discretion to dismiss the action. <u>Alford v. Dean Witter Reynolds, Inc.</u>, 975 F.2d 1161, 1164 (5th Cir. 1992). Because Plaintiff's claims must be submitted to arbitration, "retaining jurisdiction and staying the action will serve no purpose." <u>See id.</u> Accordingly, the court will dismiss the action.

### III.  Conclusion and Order

For the reasons explained above, Defendant Fidelity Warranty Services, Inc.'s Opposed Motion to Compel Arbitration and Motion to Dismiss (Docket Entry No. 17) is **GRANTED**.

**SIGNED** at Houston, Texas, on this 30th day of April, 2020.

---

SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE